```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

PATRICIA H. BRANCH,                 *

    Plaintiff,                      *

vs.                                 *      CASE NO. 4:09-CV-12 (CDL)

LIFE INSURANCE COMPANY OF NORTH     *
AMERICA, d/b/a/ Cigna Group
Insurance, *et al.*,                *

    Defendants.                     *

## O R D E R

This action arises in part from Defendant Life Insurance Company of North America's ("LINA") denial of Plaintiff's long term disability benefits. Plaintiff contends that LINA, operating under a conflict of interest, improperly denied her long term disability benefits, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* In support of her claim, Plaintiff seeks certain discovery which she contends is related to LINA's alleged history of biased claims administration, including the deposition of LINA's lead medical director, Dr. Robert Anfield; the deposition of Susan Kristoff, who appeared on the ABC television program *Good Morning America* in April of 2008 claiming that LINA improperly denied her disability benefits; and the deposition of an ABC representative regarding correspondence ABC received from other individuals who were denied disability benefits by LINA. LINA argues that the Court's review is limited to the administrative record and that the Court should therefore not permit the discovery Plaintiff

seeks.  Presently pending before the Court are LINA's Motions for Protective Order (Docs. 27 & 36), Plaintiff's Motion to Extend Discovery Deadline (Doc. 28), and a joint motion to extend the dispositive motion deadline (Doc. 39).  As discussed in more detail below, LINA's motions are granted in part and denied in part, Plaintiff's motion is granted in part and denied in part, and the joint motion to extend the dispositive motion deadline is granted.

## FACTUAL BACKGROUND

Based on a review of the Complaint and the briefs filed in support of the pending motions, the parties do not appear to dispute the following facts for purposes of the pending motions.

Plaintiff was insured under a group disability insurance policy issued by LINA to her former employer, SouthTrust Corporation ("SouthTrust").  The group policy was part of an ERISA employee welfare benefit plan ("Plan") sponsored and maintained by SouthTrust. LINA was a fiduciary of the Plan for deciding claims for disability benefits under the group policy. SouthTrust, the Plan Administrator, granted LINA discretionary authority to make disability claim decisions.  (Ex. 2 to LINA's 1st Mot. for Protective Order 14 (providing that LINA "shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact.  All decisions made by [LINA] shall be final and binding on Participants and Beneficiaries to the full extent

permitted by law.").)  In addition to deciding questions of eligibility, LINA paid the disability benefits.

In 2003, after experiencing medical problems, Plaintiff applied for long term disability benefits under the Plan.  LINA denied Plaintiff's claim for disability benefits, and Plaintiff appealed. LINA issued its final claim decision denying Plaintiff's claim on October 7, 2004, finding that Plaintiff was not continuously disabled throughout the relevant timeframe, from March 7, 2003 through September 3, 2003 ("Benefit Waiting Period"), or thereafter.

In 2005, Plaintiff brought her first action in this Court against LINA based on the denial of benefits.  While that action was pending, the Social Security Administration ("SSA") awarded Social Security disability benefits to Plaintiff, finding that Plaintiff had been disabled since March 3, 2003.  On April 25, 2007, the Court granted Plaintiff's request that the action be remanded to LINA so that LINA could consider SSA's decision.

On remand, Dr. Robert Anfield, LINA's lead medical director, examined Plaintiff's records, including certain materials from the SSA, to determine whether LINA should change its original claim decision in light of the SSA's decision. Dr. Anfield had not previously reviewed Plaintiff's file.  In 2007, Dr. Anfield concluded that Plaintiff was not continuously disabled within the meaning of the Plan during the Benefit Waiting Period and that LINA's original claim decision should stand.  In 2008, Plaintiff asked LINA to review

3

additional SSA records; Dr. Anfield reviewed those records and in 2009 concluded that the additional SSA records did not change his earlier decision that Plaintiff was not continuously disabled during the Benefit Waiting Period and thereafter.

Plaintiff filed this action in January of 2009. Under the Scheduling and Discovery Order entered on May 6, 2009, discovery closed on September 18, 2009. (Scheduling & Disc. Order § IV(A), May 6, 2009.) Plaintiff filed her notice of deposition as to Dr. Anfield during August of 2009, and LINA responded with its first motion for a protective order on September 2, 2009, objecting to the deposition and other discovery sought by Plaintiff that is beyond the administrative record. On September 18, 2009—the date of the discovery deadline—Plaintiff served notices of deposition as to Susan Kristoff and a representative from ABC, and she served LINA with supplemental interrogatories. Also on the date of the discovery deadline, Plaintiff filed her motion for an extension of discovery.

## DISCUSSION

The Court may, for good cause, grant a protective order to forbid discovery or to limit the scope of discovery. Fed. R. Civ. P. 26(c). The scope of discovery in an ERISA case must be viewed in light of the evidence that is admissible in an ERISA case. The parties here do not seriously dispute that the Court must apply an arbitrary and capricious standard to LINA's decision to deny benefits; nor do they dispute that LINA had a conflict of interest

4

which the Court must consider as a factor in determining whether the benefits denial was arbitrary.[1] The key question is the proper scope of discovery in an action where, as here, (1) the arbitrary and capricious standard applies and (2) the Plan administrator operates under a conflict of interest because the administrator is responsible both for making benefits determinations and for paying benefits. LINA argues that under the circumstances of this case, the Court may only review evidence that was before LINA when the claim for benefits was denied and that discovery outside the administrative record is therefore inappropriate. Plaintiff, on the other hand, contends that the Supreme Court's decision in *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008) authorizes consideration of certain matters outside the administrative record, particularly the issue of whether LINA has a history of biased claims administration.

---

[1] A denial of benefits must be reviewed under a *de novo* standard unless the ERISA plan grants "the administrator or fiduciary *discretionary authority* to determine eligibility for benefits." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008). Here, Plaintiff does not appear to dispute that the Plan gives LINA discretionary authority to determine eligibility for benefits. (*See* Ex. 2 to LINA's 1st Mot. for Protective Order 14.) Where, as here, an ERISA plan provides for discretionary authority to determine eligibility for benefits, the courts apply a deferential—arbitrary and capricious—standard of review. *Glenn*, 128 S. Ct. at 2348; *accord Doyle v. Liberty Life Assurance Co.*, 542 F.3d 1352, 1356 (11th Cir. 2008). And if the ERISA plan gives discretion to an administrator who is operating under a conflict of interest, that conflict must be considered "as a factor in determining whether the plan administrator has abused its discretion in denying benefits; . . . the significance of the factor will depend upon the circumstances of the particular case." *Glenn*, 128 S. Ct. at 2346. LINA does not dispute that a structural conflict of interest exists here because LINA "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Id.*

Therefore, Plaintiff seeks additional discovery beyond the administrative record.

*Glenn* did not directly address the scope of discovery in ERISA benefits denial cases. Rather, the *Glenn* Court held that (1) when the entity that administers an ERISA plan both determines whether an employee is eligible for benefits and pays benefits out of its own pocket, that dual role creates a conflict of interest; (2) a reviewing court should consider the conflict as a factor in determining whether the plan administrator abused its discretion in denying benefits; and (3) the significance of the conflict factor depends on the circumstances of the particular case. *Glenn*, 128 S. Ct. at 2346. The *Glenn* Court observed that the conflict factor may be "of great importance" "where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Id.* at 2351. On the other hand, the conflict may be less important—"perhaps to the vanishing point"—"where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." *Id.*

In the Eleventh Circuit, under the arbitrary and capricious standard, the reviewing courts are ordinarily limited to the record

that was before the administrator when it made the benefits determination. *E.g., Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1245, 1247 (11th Cir. 2008); *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1139 (11th Cir. 1989). Accordingly, discovery of information outside the administrative record has generally not been permitted. *Eldridge v. Wachovia Corp. Long-Term Disability Plan*, No. 06-12193, 2007 WL 117712, at *2 (11th Cir. Jan. 18, 2007) (per curiam) (finding no abuse of discretion in district court's denial of discovery "because the record was restricted to the evidence that was before the administrators"). The Court finds that *Glenn,* however, broadens the scope of permissible discovery in cases where a conflict of interest allegedly exists; but even under *Glenn*, any discovery beyond the administrative record must be narrowly tailored to address the nature, extent, and effect of a conflict of interest upon the administrator's decision. For example, discovery may be warranted on the procedures an administrator uses "to prevent or mitigate the effect of structural conflicts" or to clarify ambiguities and ensure that documented procedures were followed in a particular instance. *Denmark v. Liberty Life Assurance Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009) (noting that conflict discovery would be needed if there were gaps in the administrative record, e.g., because plan administrator failed to detail its procedures in the administrative record); *see also Glenn*, 128 S. Ct. at 2351 (implicitly suggesting that discovery may be warranted on

internal procedures); *Mattox v. Life Ins. Co. of N. Am.*, 625 F. Supp. 2d 1304, 1310 (N.D. Ga. 2008) (Batten, J.) (permitting discovery focused on self-interest issues in insurer's decisionmaking process). The Court will examine the additional discovery sought by Plaintiff to determine whether it should be permitted.[2]

As a preliminary matter, LINA argues that no further discovery on the conflict issue is warranted because a district judge in the Northern District of Georgia found that LINA had, in an unrelated action, presented substantial evidence that LINA took steps to reduce potential bias and to promote accuracy in its claims administration. LINA suggests that the Court should not permit discovery on LINA's conflict of interest here because another court was persuaded that the conflict factor should be given little weight in a separate and unrelated case. The Court rejects LINA's argument and finds that Plaintiff should be permitted to explore the conflict issue with regard to the specific policies and procedures applicable to Plaintiff's claim in this case.

**I. Deposition of Dr. Robert Anfield**

Plaintiff wishes to depose Dr. Anfield, LINA's lead medical director, on the following issues: (1) Dr. Anfield's experience with

---

[2]Before the close of discovery, Plaintiff served LINA with twenty-nine requests for admission and nine interrogatories. LINA served Plaintiff with its objections and responses to those requests for admission and interrogatories in August of 2009. Plaintiff did not address these items in her motion to extend discovery and did not file a motion to compel arguing that LINA's responses are inadequate or that LINA's objections are without merit. The Court declines to examine these issues *sua sponte*.

8

his former employer, UNUM/Provident Insurance Company; (2) investigation of UNUM/Provident Insurance Company by state insurance regulators and state attorneys general; (3) Dr. Anfield's comments on various topics, including return-to-work transitions and his experience in disability consulting; (4) Dr. Anfield's consideration of Plaintiff's case, including what evidence Dr. Anfield relied upon in reaching his conclusion that the original denial of benefits should stand; and (5) LINA's claims review process.  (Pl.'s Resp. to LINA's 1st Mot. for Protective Order 2-5.)   LINA opposes any deposition of Dr. Anfield, arguing chiefly that the Court should not consider any evidence outside the administrative record.

Dr. Anfield's prior experience with a separate and unrelated insurance company and as a disability consultant is irrelevant to the structural conflict of interest issue, so LINA's motion for a protective order is granted as to those topics.  However, evidence regarding LINA's internal procedures is directly relevant to the conflict issue, including whether LINA employed proper procedures and whether LINA took steps to promote accuracy in its claims administration.  In addition, questions regarding Dr. Anfield's own review of Plaintiff's claim may lead to the discovery of admissible evidence.  Therefore, LINA's motion for a protective order is denied as to these two topics.  Plaintiff shall be permitted to depose Dr. Anfield on these narrow topics.

9

**II.  Depositions of Susan Kristoff and an ABC Representative**

Plaintiff wishes to learn the identities of and depose various other insureds whose disability claims were allegedly improperly denied by LINA.[3]  She contends that such discovery is relevant to the question whether LINA had a history of biased claims administration. For Plaintiff to complete discovery on these matters, the Court would have to modify the scheduling order and extend discovery.  LINA argues that the evidence Plaintiff seeks regarding other insureds is not reasonably calculated to lead to the discovery of admissible evidence because it is not relevant to the structural conflict of interest issue.  LINA also argues that Plaintiff's requests should be denied because she waited until the last day of discovery to serve notices of deposition as to Susan Kristoff and the ABC representative.  Under Federal Rule of Civil Procedure 16(b)(4), a schedule "may be modified only for good cause."  Good cause exists if the schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16 advisory committee's note.  The Court notes that Plaintiff's delay was based in part on the fact that LINA filed a motion for a protective order to prevent the deposition of Dr. Anfield; in that motion, LINA also objected to discovery related to Susan Kristoff and the other

---

[3] The Court notes that according to LINA, the claim of Susan Kristoff, one of the other insureds whom Plaintiff seeks to depose, was ultimately approved via LINA's appeals process.

10

insureds. Accordingly, any attempts to obtain additional discovery on these matters would have been futile until the Court ruled on LINA's first protective order, and the discovery Plaintiff seeks regarding the other insureds could not have been conducted until after the Court determined the permissible scope of discovery. Thus, it was not unreasonable for Plaintiff not to meet the discovery deadline in the scheduling order.

Although the Court excuses Plaintiff's failure to schedule the discovery within the deadlines in the scheduling order, the Court concludes that Plaintiff is not entitled to the discovery she seeks regarding other insureds. A primary goal of ERISA is to provide for inexpensive and expeditious review of disputes over benefits. *E.g.*, S. Rep. No. 93-383 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4889, 5000. That goal would not be met if the Court permitted Plaintiff's request here. Plaintiff seeks to inquire into selected individual past cases hoping that she will find evidence that will help her establish a history of biased claims administration. Specifically, Plaintiff seeks to depose Susan Kristoff and those insureds who corresponded with ABC in response to the *Good Morning America* story, expressing disappointment with LINA's handling of their disability claims. This suggested course would be burdensome to the parties and the Court because it would require significant discovery and would also result in a case-by-case determination of whether LINA properly denied other claims. Such an inquiry is contrary to ERISA's goal of efficiency

11

and expeditiousness, as well as the general rule that the administrative record is the basis for a review under the abuse of discretion standard.  Furthermore, since Plaintiff seeks discovery from only those insureds who happened to send correspondence to ABC, Plaintiff's suggested approach would not be probative because it would result in an incomplete picture of LINA's claims administration.

Although the Court is disinclined to permit the depositions Plaintiff seeks of other LINA insureds, the Court concludes that Plaintiff is entitled to some discovery on the question whether LINA had a history of biased claim denials.  In an effort to balance Plaintiff's need for discovery with ERISA's purpose of efficiency and expeditiousness, the Court will allow limited discovery on this issue.  This discovery will be limited to statistical information regarding the outcome of claims submitted to LINA's reviewers; LINA's claims policies, including policies that encourage or reward denials; and steps LINA took to limit potential bias and promote accuracy. Such evidence, if it exists, may be relevant to the issue of how significant the conflict of interest is in Plaintiff's case.

## CONCLUSION

For the reasons set forth above, LINA's Motions for Protective Order (Docs. 27 & 36) are granted in part and denied in part. Plaintiff's Motion to Extend Discovery Deadline (Doc. 28) is granted in part and denied in part.  Discovery is extended until

January 29, 2010 for the limited purpose of permitting Plaintiff to depose Dr. Anfield on the narrow topics discussed above and to permit Plaintiff to conduct limited discovery on the question whether LINA had a history of biased claim denials.  No additional discovery shall be permitted during the extended discovery period.  The joint motion to extend the dispositive motions deadline (Doc. 39) is granted. Dispositive motions, including motions for judgment on the record, are due on March 5, 2010.

    IT IS SO ORDERED, this 11th day of November, 2009.


                     S/Clay D. Land
                       CLAY D. LAND
            UNITED STATES DISTRICT JUDGE